1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DUANE WILSON,                           )   Case No.  EDCV 11-35-GHK (DTB)
                                        )
                    Petitioner,         )
            vs.                         )   ORDER TO SHOW CAUSE
                                        )
MICK McDONALD, Warden,                  )
                                        )
                    Respondent.         )
                                        )
                                        )

        On January 4, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") herein.  Based on its review of the Petition, it appears to the Court that the Petition may be time-barred.  Petitioner has addressed th issue of untimeliness in a seven page document entitled "Justification for Substantial Delay in Bringing This Petition" ("Attachment"), which was attached to the Petition, and by which petitioner explains the basis for his delay in bringing the Petition.  The Court has read and considered petitioner's Attachment and notes that the Attachment is unsigned, and not made under penalty of perjury.  The Court, therefore, will afford petitioner the opportunity to supplement his Attachment in the form of a response to this Order to Show Cause ("OSC").  Accordingly, on or before **February 18, 2011,** petitioner is ordered to show cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the

1

ground of untimeliness.[1]  At a minimum, petitioner must submit a version of the Attachment which is signed under penalty of perjury.  Petitioner is strongly encouraged to include all information in his Response to the OSC which could provide a basis, pursuant to controlling federal legal authority, for the Petition to be considered timely.

## THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d).  See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997), cert. denied, 522 U.S. 1099 and 118 S. Ct. 1389 (1998).[2]  28 U.S.C. § 2244(d) provides:

> "(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

/ / /

/ / /

_____

[1]  The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond."  See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[2]  Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999).

(A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Here, petitioner's Petition for Review was denied by the California Supreme Court on January 25, 2000. (Petition at 3.)  Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was April 24, 2000, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. <u>See Bowen v. Roe</u>, 188 F.3d 1157, 1158-59 (9th Cir. 1999); <u>Beeler</u>, 128 F.3d at 1286 n.2.

From the face of the Petition, it does not appear that petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Nor does it appear that petitioner has a basis for contending that any of his claims is based on a federal constitutional right that was initially recognized by the United States Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review pursuant to § 2244(d)(1)(C).  Finally, it appears that petitioner has no basis for contending that he

3

1  is entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of

2  the **factual** predicate of each of his claims as of the date he was convicted and

3  sentenced.  See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of

4  limitations begins to run when a prisoner "knows (or through diligence could

5  discover) the important facts, not when the prisoner recognizes their legal

6  significance").

7       Thus, unless a basis for tolling the statute existed, petitioner's last day to file

8  his federal habeas petition was April 24, 2001.  See Patterson v. Stewart, 251 F.3d

9  1243,1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

10      28 U.S.C. § 2244(d)(2) provides:

11      "The time during which a properly filed application for State post-

12      conviction or other collateral review with respect to the pertinent

13      judgment or claim is pending shall not be counted toward any period of

14      limitation under this subsection."

15

16      In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed

17  the foregoing tolling provision with reference to California's post-conviction

18  procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the

19  time the first state habeas petition is filed until the California Supreme Court rejects

20  the petitioner's final collateral challenge." See id. at 1006. Accord, Carey v. Saffold,

21  536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for

22  purposes of statutory tolling, a California petitioner's application for collateral review

23  remains "pending" during the intervals between the time a lower state court denies

24  the application and the time the petitioner files a further petition in a higher state

25  court).  However, the statute of limitations is not tolled during the interval between

26  the date on which the judgment of conviction became final and the filing of the

27  petitioner's first collateral challenge.  See Nino, 183 F.3d at 1006.

28  / / /

4

Here, petitioner has alleged three collateral challenges in the Petition: A Riverside County Superior Court habeas petition (see Petition at 4), which was filed on June 15, 2004 and denied on June 25, 2004 (id.); a habeas petition filed with the California Court of Appeal, which was filed on July 27, 2004 and denied on August 5, 2004 (id.); and a habeas petition filed with the California Supreme Court, which was filed on August 23, 2004 and denied on July 13, 2005 (California Court of Appeal website[3]; id.).

Thus, according to the Petition, petitioner's first state collateral challenge was not constructively filed until June 15, 2004, nearly three years after his deadline for filing a federal habeas petition had expired. Once the limitations period lapsed, it could not be reinitiated. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Accordingly, it does not appear petitioner is entitled to any statutory tolling.

Nonetheless, in Holland v. Florida, _ U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way and/or made it impossible for him to file the Petition on time. See Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also Roy v. Lampert, 465 F.3d 964, 969 (9th Cir.

---

[3]    http://appellatecases.courtinfo.ca.gov/index.html

5

1  2006), cert. denied, 127 S. Ct. 1880 (2007); Raspberry v. Garcia, 448 F.3d 1150, 1153

2  (9th Cir. 2006).

3

4  DATED: January 10, 2011

5

6  _____

7  DAVID T. BRISTOW
   UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6